# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KARI MACKOWSKI, | Case No. _____ |
| Plaintiff, | Judge: |
| v. | Magistrate Judge: |
| EXETER FINANCE, LLC, MVCONNECT, LLC, AND BAD BOY TOWING & RECOVERY, INC., | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| Defendants. | |

## NATURE OF ACTION

1. Plaintiff Kari Mackowski brings this action against Defendants Exeter Finance, LLC ("Exeter"), MVConnect, LLC ("MVC"), and Bad Boy Towing & Recovery, Inc. ("BBR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Article 9 of the Tennessee Uniform Commercial Code, Tenn. Code § 47-9-101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Hohenwald, Tennessee.

5. Plaintiff is allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Exeter is a company that regularly purchases consumer paper in the form of automobile loans.

8. MVC is an Illinois limited liability company that does business in Tennessee.

9. At all relevant times, MVC was acting as a repossession agent working at the behest of Exeter.

10. At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

11. MVC is "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. BBR is a Tennessee corporation.

13. At all relevant times BBR was acting as a repossession agent working at the behest of Exeter.

14. At all relevant times, BBR was a person using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. BBR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. On March 4, 2022, Plaintiff purchased a 2012 Jeep Wrangler (the "Vehicle") from a non-party, CarMax.

17. Plaintiff purchased the Vehicle for her own personal family and household use.

18. The Vehicle constitutes "consumer goods" as defined by Tenn. Code § 47-9-102(a)(23).

19. Plaintiff financed the purchase of the Vehicle.

20. In connection with the transaction, Plaintiff executed a loan agreement ("the Contract"), which granted CarMax and its assignees a security interest in the Vehicle.

21. The Vehicle constitutes "collateral" as defined by Tenn. Code § 47-9-102(a)(12).

22. After the Contract was executed, it was assigned to Exeter.

23. Exeter is a "secured party" as defined by Tenn. Code § 47-9-102(a)(73).

24. Sometime later, Exeter engaged its repossession agent, MVC, to repossess the Vehicle.

25. MVC in turn hired BBR to carry out the actual repossession.

26. On September 6, 2022, BBR located the Vehicle and attempted to repossess it.

27. BBR went to Plaintiff's home.

28. Plaintiff noticed BBR's arrival.

29. Plaintiff ran out and unequivocally protested the repossession and demanded BBR leave her property.

30. Upon her demand that BBR leave her property, BBR's election to remain on the property constituted a trespass.

31. Before BBR could make contact with the Vehicle, Plaintiff entered the Vehicle and refused to leave it.

32. Nonetheless, BBR disregarded Plaintiff's protests and continued with the repossession over Plaintiff's unequivocal protest.

33. BBR drove onto Plaintiff's lawn and drove heavy machinery over Plaintiff's subterranean water supply line and sewer line.

34. Despite Plaintiff's ongoing protests and location inside the Vehicle, BBR attached a tow cable to the Vehicle and pulled it sideways.

35. Upon information and belief, BBR did this to terrify Plaintiff and force her to cease her protests.

36. Upon information and belief, BBR did this to position the Vehicle so that it could more readily enlist the police to assist in the repossession.

37. BBR then called the police for assistance with the repossession.

38. Shortly thereafter, Hohenwald police officers arrived on the scene.

39. Plaintiff asked the officers to make BBR leave her property as she demanded.

40. BBR asked the officers to compel Plaintiff to leave the Vehicle or physically pull her out of the Vehicle.

41. The Hohenwald police asked BBR for his repossession paperwork.

42. They reviewed the paperwork and advised that he did not have an order signed by a judge and that they would not assist in the repossession.

43. They advised that BBR was breaching the peace and that what it was doing was illegal.

44. Thereafter, Assistant Chief of Police Kevin Carroll arrived on the scene and the two officers previously attending the scene departed.

45. Assistant Chief of Police Kevin Carroll later advised Plaintiff that Exeter was in the process of getting a warrant for her arrested and if it did, she would be arrested for a felony.

46. The thrust of Assistant Chief of Police Kevin Carroll's statements were that if Plaintiff did not cease her protests and allow the Vehicle to be repossessed, she would be arrested and face felony charges.

47. Fearing a threat of arrest, Plaintiff ceased her protests and BBR repossessed the Vehicle.

# COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## BBR AND MVC

48. Plaintiff repeats and re-alleges each factual allegation contained above.

49. Tennessee law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Tenn. Code § 47-9-609(b)(2).

50. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

51. A repossession agent breaches the peace if it continues with a repossession over a consumer's protest.

52. Plaintiff unequivocally protested the repossession.

53. Once Plaintiff protested the repossession, BBR lost the right to continue with the repossession.

54. Nonetheless, BBR continued with its repossession and thereby breached the peace.

55. A repossession agent's use of force is a breach of the peace.

56. By attaching a cable to the Vehicle and dragging it while Plaintiff occupied the Vehicle, BBR used force on the body of Plaintiff.

57. By using force on the body of Plaintiff during its repossession, BBR breached the peace.

58. Additionally, summoning the police to assist in a repossession constitutes a constructive use of force and is a breach of the peace.

59. By summoning the police for assistance and/or enlisting them to help in the repossession, BBR breached the peace.

60. A repossession agent's breach of the peace negates a right to possession.

61. By continuing with the repossession after it lost the right to do so, BBR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

62. MVC, as the debt collector that hired BBR, is liable for its FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that BBR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that MVC is liable for BBR's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF TENN. CODE § 47-9-609(b)(2)
### EXETER

63. Plaintiff repeats and re-alleges each factual allegation contained above.

64. Tennessee law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Tenn. Code § 47-9-609(b)(2).

65. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

66. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

67. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

68. Exeter's repossession agent, BBR, breached the peace by continuing the repossession in the face of Plaintiff's loud and unequivocal protest.

69. Exeter violated Tenn. Code § 47-9-609(b)(2) when its repossession agent, BBR, breached the peace to repossess Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Exeter violated Tenn. Code § 47-9-609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to Tenn. Code § 47-9-625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to Tenn. Code § 47-9-625(c)(1);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

70. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 21, 2022.

        Respectfully submitted,

        /s/ Paul K. Guibao
        Paul K. Guibao
        Attorney for Plaintiff
        242 Poplar Ave.

Memphis, TN 38103
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: PGuibao@ThompsonConsumerLaw.com

*Co-counsel with Thompson Consumer Law Group, PC*

**Correspondence address:**
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259

-8-
Case 1:22-cv-00048   Document 1   Filed 11/21/22   Page 8 of 8 PageID #: 8